# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ERIC ORLANDO FOWLER,**

    **Petitioner,**

**v.**                                        **Case No. 3:20cv5925-LC/MAF**

**MARK INCH, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO TRANSFER
## HABEAS CORPUS PETITION

On or about October 29, 2020, Petitioner Eric Orlando Fowler, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He has not paid the $5.00 filing fee or submitted a motion to proceed in forma pauperis. He challenges his current confinement pursuant to a state court judgment in case number 2018-CF-2217 from the Sixth Judicial Circuit Court, Pasco County, Florida, which is located in the Middle District of Florida. *See* ECF No. 1; 28 U.S.C. § 89(b); www.dc.state.fl.us/offenderSearch.

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district

where he is incarcerated).   Petitioner Fowler is currently incarcerated at the Walton Correctional Institution in DeFuniak Springs, Florida, which is in the Northern District of Florida.   ECF No. 1; *see* 28 U.S.C. § 89(a).   In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. *Id.*; M.D. Fla. R. 1.02(b)(4).   See Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2020.

                                       **S/ Martin A. Fitzpatrick**
                                       **MARTIN A. FITZPATRICK**
                                       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5925-LC/MAF